(95 Misc. Rep. 612)

### HENDRICKSON v. EMPIRE TRUST CO.

(Supreme Court, Appellate Term, First Department.   June 21, 1916.)

EXECUTORS AND ADMINISTRATORS ☞508(2)—SURROGATE'S DECREE—CONSTRUCTION.

Where a surrogate's decree directed that executors assign and transfer to a trust company a certain number of shares of stock, which, at the value found by the appraiser and a small amount of cash, made up the amount of $10,400, with interest, being based, not upon a contract of loan made between the trust company, and a party interested in the estate, as evidenced by the party's note for $10,400, but upon the apparently unconditional assignment of an interest in the estate by the party to the trust company, such decree simply fixed the extent of the trust company's interest, and in such respect was as binding upon the company as upon the party, having the effect to determine definitely what such interest was, and the share of the party remained as collateral in the hands of the trust company, when transferred to it, subject to all the conditions of the contract of loan between it and the party, and the value of the stock, as between them, was to be determined according to the terms of the note.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2197, 2198; Dec. Dig. ☞508(2).]

Appeal from City Court of New York, Trial Term.

Action by Edward A. Hendrickson against the Empire Trust Company. From a judgment for plaintiff, defendant appeals. Judgment reversed, and complaint dismissed.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Barber, Watson & Gibboney, of New York City (Charles E. McMahon, of New York City, of counsel), for appellant.

Paul Jones, Jr., of New York City, for respondent.

PHILBIN, J.   The facts involved were agreed upon at the trial. The respondent's assignor, Lucia P. Tucker, borrowed $12,000 from

the Windsor Trust Company, to whose rights and interests appellant succeeded by merger of the two companies. The loan was made in August, 1910, and as collateral security there was then given a deed of some real estate in New Jersey and an assignment of the interest of Mrs. Tucker, to the extent of $12,000, in the estate of one Edward P. Hatch, then deceased. The loan was later reduced by a payment to $10,400, and the assignment of the interest in the Hatch estate was reduced to that amount. The new note, given by Mrs. Tucker for the latter sum, recites that she has deposited with said company, as collateral security for the payment thereof, an assignment, bearing date August 29, 1910, of all her right, title, and interest under the will of Edward P. Hatch, deceased, and the deed to the real estate in New Jersey, with power to the company to sell, without notice and without demand of payment, any of said securities at public or private sale, and that if the collateral thereto should be unsatisfactory to the company, through depreciation or otherwise, the maker of the note would forthwith make such payment on account or deposit such additional collateral as should be satisfactory to the payee. The note was dated November 30, 1910, and was payable on demand.

Thereafter the executors of the Hatch will filed their account in the Surrogate's Court, and the Windsor Trust Company, as such assignee, was made a party to the proceedings that ensued, and appeared therein and offered proof of its claim under the assignment. While the proceedings were pending a mortgage on the New Jersey property, so pledged by the plaintiff's assignor, was foreclosed, and, out of the surplus proceeds of sale there was paid to the appellant $2,714.28, and the same was duly credited on the above note for $10,400. The referee in the Surrogate's Court proceedings found that the Windsor Trust Company was entitled to share in the interest of Lucia P. Tucker in said estate to the extent of $10,400 and interest from November 30, 1910. Thereafter, on or about May 25, 1914, upon an application made under section 2744 of the Code, an appraiser was appointed to fix the value of the stocks which constituted the bulk of the estate. No objection was made by the Windsor Trust Company to the appraisal proceedings, nor to the value fixed by the appraiser's report. The decree of the surrogate, entered on August 6, 1914, confirmed the report, and directed, among other things, that the executors assign and transfer to the Windsor Trust Company a certain number of shares of stock, which, at the value so found by the appraiser, and a small amount of cash, made up the total claim of $10,400, with interest. The decree further provided that such transfer and payment was in full satisfaction and discharge of the claim of the Windsor Trust Company against Lucia P. Tucker, the estate, or the executors above mentioned. No objection was made by the appellant trust company to the decree, nor has any appeal been taken therefrom. On December 16, 1914, the stock and cash were received by the appellant. The securities, so received, were later sold by the appellant at public auction, and failed to yield sufficient to pay the amount due on the loan to Mrs. Tucker.

Upon the foregoing facts, the plaintiff, as assignee of Lucia P.

Tucker, brought this action in conversion to recover the balance which he claims remained in appellant's hands because of the receipt by it of cash and securities from the Hatch estate, the value of which exceeded the amount then due on the note. This is based upon taking the value of the securities as fixed by the appraiser in the Surrogate's Court proceedings. The appellant claims that the securities and cash obtained from the estate were not received as payment of the debt due it, but only as collateral, and that, the securities having realized less than the amount owing on the loan, instead of there being a balance in respondent's favor, there is still due the appellant a part of the debt of Mrs. Tucker. The respondent relies in support of his contention upon the wording of the surrogate's decree above mentioned, and statements made by representatives of the appellant, which, he claims, indicated an intention to accept the securities in payment at the value fixed by the appraiser. The decree of the surrogate was based, not upon the contract made between the parties, as evidenced by the note for $10,400, but upon the apparently unconditional assignment of an interest in the estate to the Windsor Trust Company. It simply fixed the extent of that interest, and, in that respect, was fully as binding upon the trust company as upon Mrs. Tucker. It had the effect of definitely determining what that interest was, and the share of the plaintiff's assignor, as thus determined, remained as collateral in the hands of the company when transferred to it, subject to all the conditions of the contract between it and Mrs. Tucker. The value of the stock, as between them, was to be determined according to the terms of the note.

The attitude taken by the appellant throughout the proceedings of the Surrogate's Court cannot be regarded as in any respect inconsistent with this view. Its status with Mrs. Tucker was fixed by the terms of the note, and the surrogate could only make an adjudication so far as the relation of the company, as assignee, to the decedent's estate was concerned. The letters written on behalf of the appellant and the statements made by its representatives do not furnish adequate evidence of an intention to accept the securities, at the appraised value, in payment of the indebtedness. They are entirely consistent with the view that the appellant simply accepted the decree of the surrogate and the delivery of the securities as a change in the form only of the collateral.

The judgment should be reversed, with costs, and complaint dismissed, with costs. All concur.